IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DENNIS ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. |
| ) | |
| I.Q. DATA INTERNATIONAL, INC., ) | **JURY TRIAL** |
| ) | **DEMANDED** |
| Defendant. ) | |

# COMPLAINT

## Introduction

1. Plaintiff Dennis Rogers brings this action to secure redress from unlawful credit and collection practices engaged in by defendant I.Q. Data International Inc., ("I.Q. Data" or "Defendant"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses, or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## Venue and Jurisdiction

3. This Court has jurisdiction under at least the following statutes: 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because:

      a.      Defendant's collection communications were received by Plaintiff within this District;

      b.      Defendant does or transacts business within this District.

## Parties

5.      Plaintiff Dennis Rogers is an individual who resides in the Eastern District of Missouri.

6.      Defendant I.Q. Data International Inc., is a corporation organized under the laws of the State of Washington, and is registered to conduct business in the State of Missouri.

7.      I.Q. Data is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

8.      I.Q. Data is a "debt collector" as defined in the FDCPA.

## Facts

9.      In approximately December of 2010 or January of 2011, Defendant contacted Plaintiff via telephone seeking to collect alleged debts incurred for personal, family, or household purposes and not for business purposes.

10.      The debt Defendant was attempting to collect was a result of lease payments owed by Plaintiff's daughter for a lease entered into for an apartment located in Las Vegas, Nevada.

11.      Plaintiff, had not co-signed or guaranteed the lease, and during the conversation referenced in paragraph 9, Plaintiff notified Defendant that he disputed the debt and requested proof that he co-signed or guaranteed the lease for his daughter.

12.      Defendant admitted that it did not possess the lease which was the basis of debt it was attempting to collect.

13. Defendant made additional threats that it would ruin Plaintiff's credit during the conversation referenced in Paragraph 9.

14. Defendant made the comment "if you loved your daughter you would pay the debt" during the conversation referenced in Paragraph 9.

15. During the conversation referenced in Paragraph 9, Defendant did not notify Plaintiff of the information described in Paragraph 22 below.

16. Defendant never sent Plaintiff a writing notifying Plaintiff of the information described in Paragraph 22 below.

17. In January 2011, Plaintiff, and/or his recording business, received communications from American Family Insurance Group, attached hereto as Exhibit A (with certain personal information redacted), and HSBC Bank, attached hereto as Exhibit B (with certain personal information redacted), that either stated or suggested that a negative credit reference existed thereby affecting Plaintiff's relationship with them.

18. On information and belief, Defendant reported the debt to at least one credit reporting agency.

19. On or about April 15, 2011, Defendant sent Plaintiff a letter, attached hereto as Exhibit C (with certain personal information redacted), whereby Defendant admitted its mistake and advised that it had taken steps or would take steps to remove the credit reference.

## Count I - FDCPA

20. Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

21. Defendant violated 15 U.S.C. §1692g by failing to provide written notice to Plaintiff within five days after its initial communication with Plaintiff.

22. Section 1692g provides:

§1692g. Validation of debts

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) The amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

23. Defendant violated 15 U.S.C. §1692e by making deceptive and misleading statements.

24. Section 1692e provides in part that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. Defendant violated 15 U.S.C. §1692d by making harassing and abusive statements to Plaintiff.

26. Section 1692d provides in part that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Defendant violated 15 U.S.C. §1681s-2 by reporting information to a credit reporting agency after notice and confirmation of errors.

28. Defendant violated 15 U.S.C. §1681s-2 by reporting information to a credit reporting agency after being notified by Plaintiff that specific information was inaccurate.

29. Defendant violated 15 U.S.C. §1681s-2 by failing to notify the consumer reporting agency that Plaintiff's debt was disputed.

30. Section 1681s-2 provides:

§1681s-2. Responsibilities of furnishers of information to consumer reporting agencies

(a) Duty of furnishers of information to provide accurate information

(1) Prohibition

(A) Reporting information with actual knowledge of errors

A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors

A person shall not furnish information relating to a consumer to any consumer reporting agency if –

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate…

   (3) Duty to provide notice of dispute

   If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

31. As a result of the violations of FDCPA, Plaintiff has suffered actual damages, in the amount to be proven at trial, including but not limited to lost profits, diminution in value of his business, damage to his reputation, and increased financial expense.

  WHEREFORE, the Plaintiff Dennis Rogers, prays for judgment in favor of Plaintiff and against the Defendant for:

   (1) Statutory and actual damages;

   (2) Attorney's fees, litigations expenses, and costs of suit;

   (3) Such other relief as the Court deems just and proper.

     Respectfully submitted,

     BYRON CARLSON PETRI & KALB, LLC

     /s/ Christopher J. Petri
     Christopher J. Petri, #47858MO
     411 St. Louis St.
     Edwardsville, IL 62025
     Telephone – (618) 655-0600
     Telecopier – (618) 655-4004
     Attorney for Plaintiff